**In the Matter of John P. SEIB, Respondent.**

No. 49S00–0910–DI–490.

Supreme Court of Indiana.

June 24, 2010.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUM- STANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** On November 29, 2008, police officers responding to a 911 call overheard a loud argument inside a residence involving Respondent. After investigation at the scene, the officers advised Respondent that he was under arrest. Respondent resisted being handcuffed. Pursuant to a plea agreement, he pled guilty to misdemeanor resisting law enforcement, and other charges were dismissed.

On January 15, 2010, while this disciplinary action was pending, Respondent was arrested for operating a vehicle while intoxicated, a class A misdemeanor. He pled guilty to this charge on March 17, 2010.

Respondent self-reported his arrests to the Commission, has cooperated with the Commission, and has no disciplinary history.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on honesty, trustworthiness, or fitness as a lawyer.

**Discipline:** The Court, having considered the submission of the parties, now APPROVES and ORDERS the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 180 days, beginning on the date of this order, all stayed subject to completion of 30 months of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall meet all requirements of his monitoring agreement with the Judges and Lawyers Assistance Program and shall have no violations of the law or the Rules of Professional Conduct during his probation.

(2) If Respondent violates his probation, the Commission will petition to revoke his probation and request that the stayed suspension be actively served without automatic reinstatement, and that Respondent be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18).

Notwithstanding the expiration of the term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.